Callahan, J.
Three questions are raised upon this appeal from a decree of the Surrogate’s Court, Hew York County, in a proceeding for judicial settlement of the executor’s account and *436 for a construction of paragraph twenty-eighth of the will of Inez M. Jamison, who died March 12, 1942.
Decedent’s husband had predeceased her and his estate included several promissory notes totaling $4,210,363.82 upon which his sisters Martha A. Jamison and Margaret A. Jamison were liable. Defaulted interest on these notes amounted to $654,185.28 at the time of the death of Inez M. Jamison, who had become entitled to said interest as a life tenant of a trust created in her husband’s will. Martha A. Jamison died July 16, 1941. The present will was executed August 6, 1941, and disposed of a net taxable estate of $457,158.83 in addition to a gift to Margaret A. Jamison by way of forgiveness of the defaulted interest of $654,185.28. The will set forth numerous general and specific legacies, and in paragraph twenty-seventh thereof there was a direction against apportionment of the taxes as to these, legacies and a direction to pay same out of the residuary estate.
Paragraph twenty-eighth then provided: “ Twenty-Eighth: I give and bequeath to my sister-in-law, Margaret A. Jamison, all of my right, title and interest in or derived from any and all promissory notes delivered by her and Martha A. Jamison, deceased, in connection with the settlement of the estate of my late husband, William A. Jamison, and the indebtedness evidenced thereby; but this gift is conditioned on the payment by her of any and all inheritance, income or other taxes, if any, which may be imposed upon my estate in respect of said notes or any rights derived therefrom or evidenced thereby, on the payment of which taxes, if any, I direct my executor to surrender the notes to the legatee for cancellation. ’ ’
The principal question presented is whether -the condition attached to the gift of Margaret A. Jamison required her to pay her prorata share of the total estate taxes based on the amount of her gift in relation to the total estate or whether it required her to pay all taxes that had been imposed upon the estate because of the inclusion of the notes as taxable assets of the estate.
The Surrogate held that only a prorata share was required to be paid. We have arrived at a different construction of the condition. Considering the nature of the legacy and the circumstances surrounding the gift, we feel that the language used expresses the intention of the testatrix to require the legatee who really was receiving a debt forgiveness to relieve the estate of all taxes that would arise by reason of the inclusion of the indebtedness as an asset of the decedent’s estate.
*437 As the Surrogate said, the will was drawn by well-informed draftsmen after the adoption of section 124 of the Decedent Estate Law. There was a provision in paragraph twenty-seventh against apportionment of taxes as to all the other legacies. If the intention was merely to have apportionment as to the gift made in the twenty-eighth paragraph in accordance with the provisions for proration of taxes found in section 124, mere omission of any direction against apportionment would have sufficed. When, therefore, the draftsmen took the trouble expressly to provide for the payment by the donee of all taxes which may be imposed on the estate in respect of said notes, we think that it was reasonably clear that it was intended to relieve the estate of testatrix from all taxes that would arise as a result of the inclusion of the proceeds of the notes in the taxable estate.
The second question presented is whether the gift to Margaret A. Jamison required her personally to elect whether to meet the condition and accept the bequest. This question arises because Margaret died eight months after the testatrix and she had failed to make an election before her death. We agree with the view of the Surrogate that the gift vested in Margaret A. Jamison at the death of testatrix and that it did not require personal election by the legatee.
The third question concerns the interest penalty payable as the result of delay in meeting tax obligations. It appears that the taxes were not fixed and these amounts unknown until 1944, and Margaret’s executor thereafter promptly paid its proportionate share of the taxes. Accordingly, we believe that the Surrogate was correct in charging Margaret’s estate with only its proportionate share of such penalty interest. The actual amount of such proportionate share will, of course, be increased somewhat as a result of our modification of the decree increasing the base tax payable by Margaret’s estate.
As the amount of increase of taxes and interest would seem readily ascertainable we see no necessity for ordering a new trial.
The decree should be modified as above indicated and as so modified affirmed, without costs, and the matter remitted to the Surrogate of the County of New York for further action in accordance with this opinion.
G-lekkok, Dore, Peck and Yak Yoorhis, JJ., concur.
Decree unanimously modified in accordance with opinion, and as so modified affirmed, without costs, and the matter remitted to the Surrogate of the County of New York for further action in accordance with opinion. Settle order on notice.